In the Matter of the Claim of HELEN GOLDBLATT and Another, Respondents, against EVANGELICAL DEACONESS HOSPITAL and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier from award of death benefits. The Industrial Board found that decedent, a resident physician, sustained a laceration of the esophagus from some foreign body in the food while eating his lunch in the hospital. Infection and death resulted. The appellants . contend that it was more reasonable to assume that the esophagus was injured by the swallowing of a tooth filling than by any other cause. They also questioned wage rate, claiming decedent was an interne and not a resident physician. (*Fitzpatrick* v. *Postal Restaurant Co., Inc.*, 208 App. Div. 822.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MARY CARDAMONE, Respondent, against JOHN LESZKOWICZ and EGNATZ LESZKOWICZ and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award in favor of claimant. The Board has found that claimant was employed as a duck picker and that while thus employed " plucking the wing feathers of a duck she sustained a linear fracture in the middle third of her right fifth metacarpal bone." Claimant testified, " I was picking ducks and I couldn't know whether I hit my hand or not, I couldn't notice it, only I felt something like something bit me on my finger and my hand swelled up inside ten minutes." The appellants claim that the evidence does not sustain the finding of an industrial accident. Appellants also point out that there is an obvious clerical error in the award. The Board awarded compensation " at the rate of six dollars and fifty cents per week, a total of eighty-five dollars and fifty-nine cents, covering the period from June 29, 1935, to September 15, 1935," which is obviously erroneous, as the time between those dates amounts to eleven and one-sixth weeks instead of thirteen and one-sixth weeks, which would made the proper award seventy-two dollars and fifty-eight cents. The obvious clerical error in the award corrected so as to award to claimant " for disability 11 1/6 weeks' compensation at the rate of $6.50 per week, a total of $72.58, covering the period from June 29, 1935, to September 15, 1935," and as corrected affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.